McFarland, J.,
delivered the opinion of the Court.
This is a bill filed under the provisions of th,e Code, s. 3409 et seq., to contest the right to the office of County Judge of Davidson county. The bill alleges that at the election held under the new. Constitution, oí the 1st Thursday in August, 1870, W. K. Turner was elected, duly commissioned, and qualified, and held the office until the 9th of August, 1871, when he died. That soon after, in the month of August, 1871, the Governor appointed and commissioned the relator Smiley to fill the vacancy until his successor should be elected and qualified. That the defendant is in the possession, and is exercising the functions of the office, and refuses to surrender the same to the .relator Smiley. That .he claims the *482 office under an election or appointment made by the Justices of Davidson county, at a meeting or court held by them, at the Court-house, upon the call of the Clerk, afterwards ratified at the regular quarterly term on the 1st Monday of October, 1871.
The question is, who is entitled to the office?
Chapter 5, of title 3, part 1 of the Code is in regard to the Judicial Department. Article 1 of this chapter is in relation to Judges and Chancellors. The last section of the article, s. 316, enacts that “There shall be elected by the qualified voters of Davidson, Shelby, Knox, Montgomery and Williamson counties, a person learned in the law, to be styled a County Judge, who shall hold his office for the term of eight years from the date of his commission, and be commissioned and qualified as other Judges.” This was taken from an act passed shortly previously. The Constitution in force at the date of the enactment of the Code provided that the Judges of the Supreme Court should be elected by the qualified voters of the State at large, and the Judges of such inferior courts as the Legislature might establish, by the qualified voters within the bounds of their respective districts or circuits. No special provision was made in ■ the Constitution with regard to filling vacancies in these offices, but it was provided that “the election of all officers, and the filling of all vacancies that may happen by death, resignation, or removal, not otherwise directed or provided for by this Constitution, shall be made in such manner as the Legislature may direct.”
In pursuance of these provisions of the Constitution, *483 the article of the Code before referred to was enacted. The first section, s. 307, declares simply that the Supreme Judges are elected by the qualified voters of the State at large, and Chancellors and Circuit Judges by the voters of their respective circuits or districts. Section 308 provides for the election of the Judges of several special courts. Sections 309, 310 and 311, are in relation to the oath to be taken by Judges and Chancellors. Sections 312, 313, 314 and 315 are as follows:
“ Whenever a vacancy occurs in any of the offices herein named, the Governor shall order an election by issuing proper writs of election to fill the vacancy, giving notice thereof.
“If the election is of a Supreme Judge, the notice must be for two months, by publication in a newspaper in each of the grand divisions of the State, and the writs shall issue to each Sheriff in the State.
“If the election is of a Chancellor or Circuit Judge, the notice shall be for one month in one of the newspapers of the capital, and in one or more newspapers in the division, circuit or district for which the Chancellor or Judge is to be elected, and the writs shall issue to each Sheriff in the circuit or district.
“In the meantime the Governor shall appoint a suitable person to fill the office until the election of a successor.”
Then follows the section quoted in regard to the election of County Judges.
It will be observed that although section 312 says, *484 that “whenever a vacancy occurs in any of the offices herein named, the' Governor shall order an election, &c.” yet special directions as to the time and manner of giving the notice are only "provided in regard to the election of Supreme Judges, Chancellors, and Circuit Judges, no directions on this subject being given in regard to elections to fill vacancies in the case of the other Judges provided for in section 308, or in •regard to County Judges.
It is argued that it was not made the duty of the Governor to order elections to fill vacancies in County Judgeships, but that this was left to the Sheriffs of the several counties, and that the provisions of section 315, which says, “In the meantime the Governor shall appoint a suitable person to fill the office until the election of a successor,” applies to those cases only in which the Governor is specially directed to order and issue writs of election, and that as to vacancies in County Judgeships he had no duty to perform. Under another title in the Code in an article upon the subject of elections by the people, we find section 823, which provides when the regular elections for Judges and Chancellors shall take place. Section 824 enacts that, “The first election for County Judge shall be held at the same place and by the same officers as other county elections, on the 1st Saturday of March, 1858, and under the same rules and regulations prescribed for other county elections. All subsequent elections, except for vacancies, which shall be held whenever they occur, upon giving twenty day’s notice, shall be on the' 1st Saturday of March every eight years thereafter.”
*485 This, as will be seen, provides the length of notice to be given for such elections, but does not say who is to order the election. Section 827 provides, that “all special elections for county officers authorized by law shall be ordered by the Sheriff of the county, or the Coroner, in case the Sheriff can not act, or in case there is no Sheriff.
Section 828 enacts that “all other special elections are to bo ordered by the Governor, who shall issue writs of election directed to the Sheriff of the county in which the election is required to be held.”
It is argued that County Judges are county officers, and that therefore all special elections for County Judges are to be ordered by the Sheriff, as enacted by section 827.
On the other hand, in the express language of sec. 312, “whenever a vacancy occurs in any of the offices herein named, the Governor shall order an election.” And it is urged that “herein” can not mean the section, since there is no office mentioned in the section, and that it must of necessity include the entire article, and therefore include the case of County Judge.
It will not do to limit the meaning of the word “ herein” to the cases of the Supreme Judges, Circuit Judges and Chancellors, as to which the time and manner of notice are specified, for this would exclude the cases of the Judges of the Common Law and Criminal Courts provided for in section 308.
We conclude, therefore, that the Governor was directed by the express language of section 312 to order elections in cases of vacancy in any of the offices mentioned in the article, and that these include County *486 Judges, and that the time of the notice must be ascertained by reference to section 824, which is not inconsistent therewith.
We think the force of this positive language can not be overthrown by section 827, which declares that all special elections for county offices shall be ordered by the Sheriff. To do this, it is assumed that a Cqunty Judge is a county officer within the meaning of this section.
If this were true, it would not follow that this general provision would defeat the positive and special provision before referred to, that this election shall be ordered by the Governor; but we are by no means satisfied that a County Judge is a county officer in the meaning of the sections above. It is true that in the cases of Moore v. The State, 5 Sneed, 510, and Saffron v. Ericson, 3 Cold., 1, this Court held that an election for County Judge, held on the same day that other county officers were elected, was not void on account of the provision of the Constitution then in force to the effect that the election of judges should not be held upon the same day that county officers were elected, and it is true that in these cases the Court said that a County Judge was a county officer. While this may be in one sense true, we are unable to resist the conclusion that he is, nevertheless, a judge, and if he must necessarily be classed either as a county officer in the meaning of that term used in the Constitution, or as a judge belonging to the judiciary department, we should say that there are very strong reasons for holding that he belongs to the lat *487 ter class. His election is provided for in an article of the Code devoted to Judges and Chancellors; he is required to he commissioned and qualified as other judges, and holds his office for the term of eight years, as they do. He exercises all the duties and functions of a judge in a court exercising jurisdiction over a large amount of most important business. Upon many subjects he exercises concurrent jurisdiction with the Circuit and Chancery Courts, and from his court in some cases appeals and writs of error lie directly to the Supreme Court. He may interchange with other County Judges, and hold their courts in any county for which a County Judge is provided. In causes in which he is incompetent, judges of other counties may preside in his court. The peculiar jurisdiction he exercises is not in all respects the same that is exercised by other judges, but an equal difference exists between the jurisdiction and powers exercised by Circuit Judges, Chancellors, and Judges of Criminal and other courts. The general power to interchange with other judges has not been extended to County Judges, still they are nevertheless judges, whose powers and duties are of the most important character, and we are by no means prepared to say that they must be classed for all purposes as county officers as contra-distinguished from judicial officers.
We conclude, therefore, upon the construction of the statutes before referred to, that upon the happening of a vacancy in the office of County Judge it was the duty of the Governor to order an election to fill the vacancy, and in the meantime to appoint some *488 suitable person to fill the office until the election was held.
It is not insisted, as we understand the argument, that there was any power in the County Justices or elsewhere to make the temporary appointment previously to the Constitution of 1870. It is true that as the election might be held upon twenty days notice, there was not the same necessity for making a temporary appointment as in other cases. But it will be seen that the power to make such an appointment rests upon the same authority as the power to fill a vacancy in any other judgeship, and we must either assume that the power to make the appointment was not vested anywhere, or else that it- was vested in the Governor • for the authority to make the appointment clearly did not exist in any other hands, and the power may be clearly held to be given by the statute before referred to, without any violence to the natural and plain meaning of the words used.
This view is strengthened by the fact that the commission of the Judge must be issued by the Governor.
This then, we think, was the state of the law at the time of the adoption of the Constitution of 1870. The important change in this respect made by the new Constitution is that it abolished special elections for the filling of vacancies. The vacancy can not be filled by an election until the next licensed election for civil officers, and the result is that where an appointment to fill such a vacancy is made, the appointee is to hold the office until the next *489 biennial election for civil officers, so that his length of time to remain in office is greatly extended. Section 1, of art. xi of the Constitution of 1870 provides, “that all laws and ordinances now in force and use in this State, not inconsistent with this Constitution shall continue in force and use until they shall expire, or be altered, or repealed by the Legislature;” so we think it clear that if the power existed in the Governor to make this appointment previously to the adoption of the new Constitution, it still remained unless taken away by the last section, — sec. 17, art. xi, in these words: “No county office created by the Legislature shall be filled otherwise than by the people or the County Court.”
It is here again argued, upon the authority of the cases before, referred to, that a County Judge is a county officer within the meaning of this section, and that therefore that the office can not be filled otherwise than by the people or the County Courf. It may, perhaps, be safely assumed that this section applies as well to county offices previously created by the Legislature as those afterwards to be created, where not otherwise expressly, provided for in the Constitution. But as we have already said, if the application of this section is to be determined alone upon the question whether a County Judge is to be classed as a “county officer” within the meaning of the Constitution or as belonging to the judiciary department, we do not think the former proposition at all clear.
The Constitution, art. 7, sec. 1, designates certain county officers, and provides for their election, and the *490 filling of vacancies in their offices; these are the Sheriff, Trustee, Coroner, Register. These are clearly county officers proper.
Their term of office, except in the case of the Register, is two years; the Register’s term is four years. They are not required to be commissioned by the Governor; their duties are ministerial, and in all cases confined to their county.
Now does a County Judge fall more clearly within this class than the judiciary? He is elected by the people of the county, and in general his powers and duties are confined to .his county, though he may interchange with other County Judges and hold court in any of the counties for which a County Judge is provided by law.
He is the general financial agent and accounting officer of the county, and in this respect his duties are those of a county officer, but these are not all of his duties, and they do not seem to have any very close connection with his judicial powers in hearing and determining causes in Court, but are rather powers and duties added to his office of Judge. On the other hand, as we have seen, he is required to be learned in the law; he is to be commissioned by the Governor, and qualified as other judges, and he holds his office for eight years as they do. His Court is one of record, and exercises in many cases concurrent jurisdiction with the Circuit and Chancery Courts, and from the judgments and decrees in these cases, appeals and writs of error lie to the Supreme Court. In other cases the jurisdiction of the Court is original *491 and exclusive; the judgments and decrees of the County Court, held by the County Judge, in causes over which it has jurisdiction, have all the force and effect of the judgments or decrees of any other Court, and while in one sense he may be a county officer, yet we can not resist the conclusion that he is nevertheless a Judge.
So that we do not think that County Judges are so clearly included within the terms of sec. 17, art xi, as above quoted, as to amount to an absolute prohibition upon the power of appointment, unless this view be aided by some other provision. Or, in other words, that if the power of appointment can be shown to have belonged to the Governor previously thereto, then the provision in question does not take it away in such plain and positive terms as to leave no doubt of its meaning. It would seem to be very clear, that as the election of county officers then in existence had already been provided for by law, this clause of the Constitution was intended to have more special reference to offices afterwards to be created by the Legislature, although it will include within its meaning “all county offices created by the Legislature/’ and must be so construed. It is evident, however, that in the case of a county office hereafter created by the Legislature, that body must determine how such office is to be filled, whether by the people or the County Court; for although this clause of the Constitution does say that the office shall not be filled otherwise than by the people or the County Court, yet it does not say in which one of the two modes the office is to be filled, *492 and it is clear that in such a case there must of necessity be, legislation upon the question before this provision could be fully carried into effect, and, in some eases, a serious difficulty might arise as to whether the power was to be exercised by the County Court held by the Judge, or the Quarterly Court held by the Justices; the clause only says the County Court.
It is true that if the provision in question was a clear prohibition upon the exercise of the power of the Governor, it might have the effect to prevent the exercise of the power upon his part, without vesting the power elsewhere. It might have said that the Governor should not exercise the power without saying who should.
It is argued that in this particular case, this clause of the Constitution executes itself; that is to say, that it provides that the office shall not be filled otherwise than by the people or the County Court, and that as another part of the Constitution provides that there can be no special election by the people, therefore the term or vacancy, until the next election, can not be filled' by the people, and must therefore be filled by the County Court, the only remaining mode allowed by this clause. We do not controvert the correctness of the principle. contended for as established in the case of Brian v. Williamson, 7 How., Miss. Reports, where the principle is applicable. But in this case it would make this clause, as to this particular office, applicable alone to the vacancy extending, to the next election; for the filling of the office of County Judge is, we think, vested alone in the peo- *493 pie by another part of the Constitution. Section 4, art. vi., provides that the Judges of the Circuit and Chancery Courts and of other inferior courts shall be elected by the qualified voters of the district or circuit to which they are to be assigned, and, as we have seen that, even if it be conceded that for some purposes a County Judge is a county officer, he is at the same time a Judge of an inferior court, we think he comes clearly within the meaning of the clause last quoted, and the Legislature would not have the power to provide for the election of a County Judge otherwise than by the people.
According to the argument for the defendant, sec. 17, art. xi, applies in most cases not only to filling the office in the first instance, but also as to filling temporary vacancies. No distinction in this respect is made in this clause, although it is clear that the two powers must be different; for under another clause in the Constitution, no special election can be held, and so no such vacancy can be filled by the people. Yet, this clause makes no distinction between filling the office and filling the vacancy. Assume for argument that s. 17, art xi., may include a County Judge, does it prohibit a temporary appointment by the Governor until the next election?
It says the office shall not be filled otherwise than by the people or the County Court. Other portions of the Constitution provide that the Judges of the Circuit and other courts shall be elected by the people.
This is certainly equivalent to saying that the office shall not be filled otherwise than by the people, and *494 the Constitution has no provision for the filling of a vacancy in the office of a Judge by an appointment of the Governor, but it does contain a provision, that the election of all officers, and the filling of vacancies not otherwise directed or provided for by this Constitution, shall be made in such manner as the Legislature may direct, and under this power the Legislature directs the appointment to be made by the Governor, and this power of appointment as to other Judges has never been doubted.
The provision that the office shall only be filled by the voters, has not been supposed to take away the power of the Governor to fill a temporary vacancy.
Now, the Constitution has not otherwise directed or provided for the manner of filling a vacancy in the office of County Judge, and we think the power to provide for filling the vacancy, must under the Constitution vest with the Legislature, and as the law stood in August, 1871, that power was vested in the Governor.
The only escape from this conclusion, we think, would be to say that there was no provision for the vacancy at all, and the office must remain vacant until the Legislature remedy the defect; for we think it clear that at the time the Justices of the county had no such power. Every assumption of law, as well as reason of public policy, is against the position that there was no provision for the vacancy,
We think that upon the facts stated in the bill, the relator Smiley is entitled to the office. The decree will be reversed and the cause remanded for an answer.